FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 13, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CRYSTAL MARIE WEISSENFELS,<br><br>Defendant. | No. 2:19-CR-00091-TOR-2<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR TEMPORARY RELEASE TO INPATIENT TREATMENT WITH CONDITIONS<br><br>**MOTION GRANTED**<br>       **(ECF No. 40)**<br><br>**USM ACTION REQUIRED** |

Before the Court is Defendant's Motion for Release to Inpatient Treatment, **ECF No. 40.** Defendant is in custody pending her trial on July 22, 2019, **ECF No. 18**. Pretrial Services does not oppose defendant's release to treatment, on appropriate conditions. The United States does not oppose release to treatment, provided defendant is returned to custody at the conclusion of treatment.

Accordingly, **IT IS ORDERED** Defendant's motion, **ECF No. 40,** is **GRANTED.** Defendant shall be released to a representative of Pioneer Human Services at 10:00 a.m. on June 14, 2019, to be transported to and enter into inpatient treatment at the SPARC facility.

Defendant shall remain at the SPARC facility until the completion of treatment and shall return directly to the custody of the U.S. Marshal immediately upon completion of her treatment, barring further order of the Court.

Release of the Defendant is additionally subject to the following:

ORDER - 1

## STANDARD CONDITIONS OF RELEASE

**(1)** Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

**(2)** Defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

**(3)** Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

**(4)** Defendant shall sign and complete A.O. Form 199C before being released and shall reside at the address furnished.

**(5)** Defendant shall not possess a firearm, destructive device or other dangerous weapon.

**(6)** Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**(7)** Defendant shall contact defense counsel at least once a week.

**(8)** Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**(9)** Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

**(10)** Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

**(18)** Refrain from any use of alcohol.

**(25)** **Inpatient Treatment**: Defendant shall participate in an inpatient treatment program.

Defendant shall complete treatment indicated by an evaluation or recommended by Pretrial Services and shall comply with all rules of a treatment program. Defendant shall be responsible for the cost of testing, evaluation and treatment, unless the United States Probation Office should determine otherwise. The United States Probation Office shall also determine the time and place of testing and evaluation and scope of treatment.

Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

**If Defendant <u>terminates</u> any treatment program before it is completed, the treatment provider and Defendant shall immediately notify the U.S. Probation Officer.**

**If Defendant <u>leaves</u> an inpatient program before treatment is completed, the treatment facility and Defendant shall immediately notify the U.S. Probation Officer or, if the U.S. Probation Officer is unavailable, the U.S. Marshal, who shall in turn immediately notify the undersigned. Defendant shall comply with all directives of the U.S. Probation Officer.**

*PROVIDED* that Defendant's treatment and release from custody is on the express condition that treatment not hinder or delay the adjudication of this case, and that Defendant appear in person when required regardless of treatment status and maintain adequate contact with defense counsel.

(27) **Prohibited Substance Testing**: **If random urinalysis testing is not done through a treatment program, random urinalysis testing shall be conducted through Pretrial Services, and shall not exceed six (6) times per month.** Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of prohibited substance testing.

**IT IS SO ORDERED.**

DATED June 13, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE